{¶ 12} Rogers, J., dissents. Respectfully, I must dissent from the analysis and the conclusion reached in the majority opinion. I am troubled by what I perceive to be a departure from general contract principles in pipeline cases. In general, these departures routinely favor pipeline companies and grant rights which were clearly not within the reasonable contemplation of property owners at the time the easements were signed. One of the cornerstones of contract law is to ascertain the intent of the parties at the time they entered into the contract. I do not believe that, at the time these parties entered into the agreement, either contemplated federal regulation of gas companies to the extent that they are regulated today. Nor do I believe the parties contemplated the use of aerial surveillance to achieve the regulatory mandates. On that issue, I would follow this court's holding in Lakewood Homes, Inc. v. BP Oil, Inc., 3d Dist. No. 5-98-29, 1999-Ohio-851.
 {¶ 13} I am also troubled by the self-serving and conclusory affidavit of Marathon's employee, Greg Newman, wherein he concludes that a 50-foot easement is necessary. Further, the affidavit "concludes" that removal of the trees was "reasonably necessary and convenient, and also necessary for aerial inspection of the pipeline." (Marathon's Motion for Summary Judgment, Ex. C) Marathon is using a self-serving affidavit to support a motion for summary judgment, which, if granted, results in a burden on the servient estate beyond the scope contemplated in the original agreement. Additionally, there is no indication that the affiant has any qualifications other than he is employed by the pipeline company and is saying what is necessary to its success in this litigation. Therefore, I would sustain the first and third assignments of error.
 {¶ 14} As to the second assignment of error, I believe that the correct approach would be to first determine whether the trees were actually within the easement as originally contemplated by the parties. If not, Marathon would be liable for damages caused by their trespass, whether to growing crops, trees, or other property. If the trees were within the easement as originally contemplated, it would then be necessary to determine whether the removal was reasonably necessary.
 {¶ 15} The majority opinion suggests that anything Marathon wants to do is permissible because the easement says "if the same shall be thought necessary by the grantee." Such an unfettered grant of rights in inconsistent with an easement. "An easement has been defined as an interest in the land of another which entitles the owner of the easement to a limited use of the land in which the interest exists." LakewoodHomes. I would find that portion of the contract to be unconscionable and unenforceable, and restrict Marathon's rights as to what is reasonable and necessary. If the trees existed at the time the parties entered into their agreement and were not removed when the pipeline was installed, it is indicative of an understanding that they did not constitute a danger, or even a potential danger, to the pipeline.
 {¶ 16} For the reasons stated, I would reverse the decision of the trial court.